IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 2:15-00176

GREGORY WOODS

## MEMORANDUM OPINION AND ORDER

In Charleston, on October 13, 2020, came the defendant, Gregory Woods, in person and by counsel, Brady Campbell; came the United States by Joshua Hanks, Assistant United States Attorney; and came United States Probation Officer Mark Ruscello, for a hearing on the petition to revoke the defendant's term of supervised release. The court informed the defendant of the alleged violations contained in the petition to revoke the term of supervised release, filed on September 1, 2020. The court advised the defendant that, pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he has the right to a hearing and assistance of counsel before his term of supervised release could be revoked. Whereupon the defendant, through counsel, admitted the conduct as alleged in the petition. Defendant also conceded that the United States would be able to prove by a preponderance of the evidence the conduct described in the petition. Thereafter, the court found the charges were established by a preponderance of the evidence.

Having heard arguments of counsel, the court found that the Guideline imprisonment range for the revocation of supervised release upon such grounds was 33 to 41 months.  The court further found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of probation and supervised release are policy statements only and are not binding on the court.  Thus, the court stated that the relevant statutory provision is 18 U.S.C. § 3583(e)(3), which provides a maximum term of imprisonment of 2 years for a violation of supervised release if the offense that resulted in the term of supervised release was a Class C or D felony.  Neither party objected to the Guideline range and statutory penalty as determined by the court.  The court found that there was sufficient information before the court on which to sentence defendant without updating the presentence investigation report.

For reasons placed on the record at the hearing, counsel for defendant asked the court to continue the hearing and to consolidate the disposition of defendant's supervised release revocation with disposition in case no. 2:20-cr-00153.  The government did not object to defendant's motion.  Accordingly, the court **ORDERED** the proceeding continued until further order of the court.  The court now **ORDERS** that the revocation hearing be continued to **November 2, 2020, at 1:30 p.m.** in Charleston.

2

**IT IS SO ORDERED** this 19th day of October, 2020.

>ENTER:
>
>*David A. Faber*
>David A. Faber
>Senior United States District Judge